UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,
100 F Street, N.E.
Washington, D.C. 20549

                Plaintiff,

vs.                                         C.A. No.

JOSEPH P. KEENEY,

                Defendant.

## COMPLAINT

Plaintiff Securities and Exchange Commission (the "Commission") alleges that:

### NATURE OF THE ACTION

1. Between September and November 2006, Joseph P. Keeney ("Keeney"), then a consultant to Frederick's of Hollywood, Inc. ("Frederick's"), engaged in illegal insider trading by purchasing shares of Movie Star, Inc. ("Movie Star") on the basis of material, nonpublic information concerning both the merger of Frederick's with Movie Star that was announced to the public on December 19, 2006, as well as the financial projections for Movie Star that had been entrusted to Keeney during the course of the merger negotiations.

2. Between September 14 and November 20, 2006, Keeney purchased a total of 157,000 shares of Movie Star with an average cost basis of $0.97 per share.

3. In a quarterly report filed with the Commission on November 14, 2006, Movie Star disclosed that it was engaged in "discussions with a private apparel company

with respect to a possible combination of the companies," but without disclosing Frederick's by name. On December 19, 2006, both Movie Star and Frederick's publicly announced that the two companies had entered a merger agreement.

4. During the six-week period from October 1, 2006, through November 14, 2006, when Movie Star filed the quarterly report, the closing price of MSI ranged from $0.77 to $0.87. From Wednesday, November 15, 2006, through Monday, December 18, 2006, the closing price of MSI ranged from $0.97 to $1.28. Following the public announcement of the merger transaction on December 19, 2006, MSI increased to close at $1.46 later that day.

5. Keeney knew, or was reckless in not knowing, that he purchased shares of Movie Star based on material, nonpublic information and in breach of a duty of trust and confidence he owed to Frederick's.

6. By purchasing shares of Movie Star on the basis of material, nonpublic information, Keeney had imputed profits of $77,540.50.

7. By engaging in such conduct, defendant violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

8. Unless restrained and enjoined by this Court, defendant will continue to engage in transactions, acts and practices that violate these provisions of the federal securities laws. The Commission seeks permanent injunctions against future violations and other relief requested in this Complaint.

## JURISDICTION

9.  This Court has jurisdiction over this action pursuant to Sections 21(d)(1), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d)(1), (e), and 78aa].

10. In connection with the transactions, acts, and practices described in this Complaint, defendant, directly or indirectly, used the means or instrumentalities of interstate commerce, the mails, or the facilities of a national securities exchange.

## DEFENDANT

11. Joseph P. Keeney, age 46, is a resident of Arlington, Virginia. From February 21, 2006 until his resignation on January 24, 2007, Keeney was retained by Frederick's as a consultant on its business operations and on a possible merger with Movie Star.

## OTHER RELEVANT ENTITIES

12. Frederick's of Hollywood, Inc. is a subsidiary of FOH Holdings, Inc., a Delaware corporation, with headquarters in Hollywood, California, that markets women's intimate apparel. Frederick's is a privately held company.

13. Movie Star, Inc. is a New York corporation headquartered in New York, New York that markets women's intimate apparel. The common stock of the company is registered with the Commission under Section 12(b) of the Exchange Act and is listed on the American Stock Exchange under the ticker symbol "MSI." Movie Star files quarterly and annual reports with the Commission pursuant to Section 13 of the Exchange Act.

## FACTS

14. On March 4, 2004, Frederick's and Movie Star signed a Confidentiality and Non-Circumvention Agreement (the "March 2004 Confidentiality Agreement"),

Section 3.1 of which provided that Frederick's and its agents "shall not, either directly or indirectly, individually or by action in concert with others . . . use any such Confidential Information [provided by Movie Star during the negotiation of the possible merger] for the benefit of any Person other than" Movie Star.

15.     On February 21, 2006, Keeney signed a consulting agreement with Frederick's. The next day, he signed an agreement with Frederick's to maintain the confidentiality of information he received during his consultancy. From the outset, Frederick's retained Keeney's consulting services to help Frederick's improve its business operations, and Frederick's later expanded Keeney's retainer to encompass his services with respect to the possible merger with Movie Star.

16.     On March 8, 2006, Keeney met with the Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer of Movie Star.

17.     On May 3, 2006, Keeney received an email from the Chief Financial Officer of Movie Star attaching nonpublic financial projections for Movie Star through its fiscal year 2010, together with the message that "as I know you are aware, Movie Star is a publicly traded Company and this document should be treated as confidential."

18.     On May 17, 2006, Keeney participated in a meeting at which Frederick's board of directors formally launched the efforts of its special committee to negotiate the proposed merger with Movie Star. During the meeting, counsel to Frederick's special committee generally advised the attendees not to trade in the securities of Movie Star and not to tip others about the possible merger until either the merger was consummated or merger negotiations were terminated.

19. Beginning in June 2006, the special committees of Frederick's and Movie Star, together with their respective legal and financial advisors, including Keeney on behalf of Frederick's, met repeatedly to discuss and negotiate the possible merger. In this process, Keeney was charged with maintaining open and regular communication between Frederick's special committee and Movie Star's special committee.

20. In August 2006, Frederick's and Movie Star engaged in mutual due diligence.

21. On October 5, 2006, Keeney signed an acknowledgement to Frederick's that he had received a copy of the March 2004 Confidentiality Agreement and that he had agreed to be bound by its terms.

22. Between September 14 and November 20, 2006, Keeney purchased 157,000 shares of Movie Star at a total cost of $151,679.50, for an average cost basis of $0.97 per share, through the following transactions:

| Trade Date | Quantity of MSI | Price per Share |
| --- | --- | --- |
| September 14 | 10,000 | $0.84 |
| September 19 | 10,000 | $0.86 |
| September 20 | 10,000 | $0.87 |
| November 3 | 10,000 | $0.83 |
| November 3 | 7,000 | $0.84 |
| November 6 | 35,000 | $0.85 |
| November 15 | 2,500 | $0.99 |
| November 15 | 7,500 | $1.01 |
| November 15 | 7,000 | $1.05 |
| November 15 | 5,000 | $1.0899 |
| November 15 | 33,000 | $1.10 |
| November 17 | 2,500 | $1.13 |
| November 20 | 5,000 | $1.14 |
| November 20 | 12,500 | $1.15 |

23. At the times of each of these purchases of shares of Movie Star, Keeney knew, or was reckless in not knowing, that he made these purchases based on material,

nonpublic information concerning both the possible merger and Movie Star's financial projections, and in breach of a duty of trust and confidence he owed to Frederick's.

24. In a quarterly report filed with the Commission on November 14, 2006, Movie Star disclosed that it was engaged in "discussions with a private apparel company with respect to a possible combination of the companies," but without disclosing Frederick's by name.

25. On December 19, 2006, both Movie Star and Frederick's publicly announced that the two companies had entered a merger agreement, pursuant to which Frederick's parent company would merge with a wholly-owned subsidiary of Movie Star, Frederick's shareholders would receive newly issued Movie Star stock, and the combined company would be called "Frederick's of Hollywood Group Inc."

26. On December 20, 2006, Movie Star filed a Form 8-K with the Commission that attached the full merger agreement, among other exhibits.

27. During the six-week period from October 1, 2006, through November 14, 2006, when Movie Star filed the quarterly report, the closing price of MSI ranged from $0.77 to $0.87. From Wednesday, November 15, 2006, through Monday, December 18, 2006, the closing price of MSI ranged from $0.97 to $1.28. Following the public announcement of the merger transaction on December 19, 2006, MSI increased to close at $1.46 later that day.

28. By purchasing shares of Movie Star on the basis of material, nonpublic information, Keeney had imputed profits of $77,540.50.

## CLAIM

### *Insider Trading in Connection with Purchase or Sale of a Security*

**(Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5])**

29.  The Commission realleges and incorporates by reference the allegations contained in Paragraphs 1 through 28 above.

30.  By engaging in the foregoing conduct, Keeney violated Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## RELIEF REQUESTED

WHEREFORE, the Commission respectfully requests that this Court enter a judgment against Keeney that:

1.  enjoins Keeney from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

2.  orders Keeney to disgorge all ill-gotten gains, with prejudgment interest;

3.  orders Keeney to pay appropriate civil penalties under Section 21A of the Exchange Act [15 U.S.C. § 78u-1]; and

4. grants such other and further relief as this Court may deem just and proper.

Dated: *Sept. 24*, 2007

Respectfully submitted,

*Nina B. Finston*

Scott W. Friestad
Robert B. Kaplan
Nina B. Finston, D.C. Bar No. 431825
Stephen G. Yoder

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-6041
(202) 551-4961 (Finston)
(202) 772-9346 (fax)

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Securities and Exchange Commission | Joseph P. Keeney |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___88888___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Nina B. Finston, Branch Chief
Securities and Exchange Commission
100 F Street, N.E., Mail Stop 6041A
Washington, DC 20549-6041
(202) 551-4961

ATTORNEYS (IF KNOWN)

Susan Brune, Esq.
Nina Beattie, Esq.
Brune & Richard LLP
80 Broad Street
New York, NY 10004
(212) 668-1900

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ● 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- [ ] 410 Antitrust

**○ B. Personal Injury/Malpractice**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**● E. General Civil (Other)** OR **○ F. Pro Se General Civil**

Real Property
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

Personal Property
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

Bankruptcy
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

Prisoner Petitions
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

Property Rights
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

Federal Tax Suits
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

Other Statutes
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [X] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

|  |  |  |  |
|---|---|---|---|
| ○ **G.** *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ **H.** *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ **I.** *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ **J.** *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ **K.** *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ **L.** *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ **M.** *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ **N.** *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
15 U.S.C. §§ 78u(d)(1), (e), and 78aa; enforcement action alleging violations of the federal securities laws

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 9·24·07    SIGNATURE OF ATTORNEY OF RECORD  *Nuha B. Tu Tk*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.